

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTOPHER M. PRINDLE,    §
                          §
        Plaintiff,        §
                          §
VS.                       §    NO. 4:10-CV-054-A
                          §
UNITED STATES OF AMERICA, §
ET AL.,                   §
                          §
        Defendants.       §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

This is a civil action brought by Christopher M. Prindle

("Prindle"), a federal prisoner, against United States of

America, the Federal Bureau of Prisons (the "BOP"), Warden R.

Tamez, Associate Warden Buttler, Paul Celestine, Rose Stone, Dr.

L. Huber, Dr. G.W. Kanan, R. Queza, K. Mendias, Dr. Todd Young,

"John Does 1-10," and "Jane Does 1-10."  After reviewing

Prindle's complaint as required by 28 U.S.C. § 1915A, the court

has concluded that Prindle's claims against the BOP and the

individual defendants should be dismissed and that Prindle should

be allowed to proceed only against United States of America under

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-

79.

I.

<u>Applicable Legal Standard</u>

The Prison Litigation Reform Act requires a district court

to review, as soon as practicable after docketing, the complaint

in a civil action in which a prisoner seeks redress from a
government entity or a government employee.  28 U.S.C.
§ 1915A(a).  On review, the court must identify cognizable claims
or dismiss the complaint (or any portion thereof) if the
complaint is frivolous or malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  Id. § 1915A(b).

A complaint is frivolous within the meaning of § 1915A if
the claims asserted therein lack an arguable basis in law or
fact.  Hutchins v. McDaniels, 512 F.3d 193, 195 (5th cir. 2007)
(per curiam).  To state a claim upon which relief may be granted,
a complaint must contain sufficient factual matter, taken as
true, to state a claim to relief that is plausible on its face.
Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009);
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 566-70 (2007).  "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."
Ashcroft, 129 S. Ct. at 1949.  Allegations that are merely
consistent with unlawful conduct are insufficient.  Id. at 1951-
52.

In conducting its inquiry under § 1915A, the court is
mindful that, because plaintiff is pro se, his complaint should
be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520
(1972).

II.

## Prindle's Complaint

Prindle asserts three claims in his complaint.  Each relates to medical treatment he received while incarcerated at Federal Medical Center—Fort Worth ("FMC").  Claim One: defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by intentionally delaying needed tests and procedures.  Claim Two: defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by creating a policy or custom of denying or delaying the provision of necessary tests and procedures.  Claim Three: United States of America is liable to plaintiff under the FTCA because the medical staff and policymakers at FMC were negligent in failing to ensure that Prindle received tests and procedures in a timely manner.

Prindle seeks as relief a) actual damages of $32 million, b) pre-judgment and post-judgment interest, c) costs of suit, d) unspecified declaratory relief, e) nominal damages, and f) any other relief the court deems appropriate.

III.

## Analysis

A.   Claims Against the Individual Defendants

As a preliminary matter, the court is dismissing plaintiff's claims against "John Does 1-10" and "Jane Does 1-10" because the court does not entertain actions brought by or against unknown parties.  If and when Prindle discovers the actual identities of

3

the "Doe" defendants, he may seek leave to amend his complaint to add them as parties at that time.

Next, the court construes Prindle's complaint to assert Claim One and Claim Two against the remaining individual defendants in both their individual and official capacities.[1] Because those claims seek money damages from federal employees for alleged violations by those employees of Prindle's constitutional rights, the court construes them as claims brought pursuant to the authority of Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). A Bivens-type cause of action is available against federal employees in their individual capacities only. Garcia v. United States, 538 F. Supp. 814, 816 (S.D. Tex. 1982). An action for damages against federal employees in their official capacities is really an action against the federal government itself. Id.; see Hafer v. Melo, 502 U.S. 21, 25 (1991) (stating that action against state officials in their official capacities are really actions against the state). Thus, plaintiff's claims against the individual defendants in their official capacities are treated as claims against United States of America.

As to the claims against the individual defendants in their individual capacities, Prindle's allegations fail to state a claim upon which relief may be granted. Inadequate medical

---

[1]Prindle alleges as to each individual defendant, with the exception of R. Queza, K. Mendias, and Dr. Todd Young, that he is suing them in their individual and official capacities. For reasons unknown to the court, plaintiff does not specifically allege the capacity in which he is suing R. Queza, K. Mendias, and Dr. Todd Young.

treatment can amount to cruel and unusual punishment if a prison
official exhibits deliberate indifference to a prisoner's serious
medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).
"Deliberate indifference is an extremely high standard to meet."
Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th
cir. 2001).  A prison official acts with deliberate indifference
only if he knows that an inmate faces a substantial risk of
serious bodily harm and disregards that risk by failing to take
measures to abate it.  Farmer v. Brennan, 511 U.S. 825, 847
(1994).  "Unsuccessful medical treatment, acts of negligence, or
medical malpractice do not constitute deliberate indifference,
nor does a prisoner's disagreement with his medical treatment."
Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).  Rather,
to show deliberate indifference, a prisoner must show that prison
officials "refused to treat him, ignored his complaints,
intentionally treated him incorrectly, or engaged in any similar
conduct that would evince a wanton disregard for any serious
medical needs."  Id. (quoting Domino, 239 F.3d at 756) (internal
quotation marks omitted).

     The facts alleged in Prindle's complaint, if true, do not
show that the individual defendants acted with deliberate
indifference to his serious medical needs.  Prindle does not
allege that the individual defendants refused to treat him,
ignored his complaints, or intentionally treated him incorrectly.
In fact, his allegations reveal that he was treated extensively.
His complaint, rather, is that he was not scheduled to see

doctors, to receive diagnostic procedures, or to have surgery as quickly as he would have liked. Such failures might constitute negligence, but they do not constitute deliberate indifference. And, although Prindle avers that defendants <u>intentionally</u> delayed necessary tests and procedures, he pleads no facts that would support such a conclusion. In fact, he pleads facts suggesting that the "delays" he experienced were not intentional.[2] In addition, Prindle's complaint does not allege facts that would cause the court to infer that the individual defendants created a policy or custom that exhibited deliberate indifference to his serious medical needs. All claims asserted against the individual defendants in their individual capacities should therefore be dismissed.

B.   <u>Claims Against the BOP</u>

The court construes Prindle's complaint to assert Claims One and Two against the BOP as well. However, when a federal prisoner alleges a violation of his constitutional rights, his only remedy is against the individual officer or officers who committed the alleged violation. <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001). "[A] prisoner may not bring a <u>Bivens</u> claim against . . . the BOP." <u>Id.</u>; <u>accord</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994). Prindle's only remedy for the conduct of the BOP is that allowed against United States of America under

---

[2]For example, Prindle alleges that defendant Paul Celestine told him, at the time he was waiting to see the urologist, that the prison was having difficulty signing the urologist to a new contract.

the FTCA.  Consequently, all claims asserted against the BOP are treated as claims against United States of America.

C.   Claims Against United States of America Under the FTCA

Finally, the court concludes that Prindle has stated a cognizable claim against United States of America under the FTCA. The FTCA makes United States of America liable for personal injury or death caused by the negligence or other wrongful act of a federal employee under circumstances where the United States, if a private person, would be liable to the claimant under the law of the state where the act or omission occurred.  28 U.S.C. §§ 1346(b), 2674; Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008).  Prindle's allegations could support a claim for breach of the duty of care owed by the BOP to inmates under 18 U.S.C. § 4042(a)[3], or for medical malpractice under state law. See Muhammed v. United States, 6 F. Supp. 2d 582, 594 (N.D. Tex. 1998) (recognizing that a prisoner can bring a claim under the FTCA for breach of the duty of care owed under § 4042).

---

[3]Section 4042(a) provides, in pertinent part:

(a) In general.—The Bureau of Prisons, under the direction of the Attorney General, shall—

(1) have charge of the management and regulation of all Federal penal and correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses under the United States; . . . .

Therefore, the court concludes that service of process should be made on United States of America.

The court also concludes that, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Prindle is entitled to have process served on United States of America by the United States Marshal. <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1109-10 (5th Cir. 1987). In order to serve the complaint, the Marshal will need one form 285 and three summons forms provided to the Marshal by <u>the clerk</u> filled out for service on United States of America. Because United States of America is the party to be served, service will be accomplished in the manner contemplated by the applicable parts of Rule 4(i) of the Federal Rules of Civil Procedure, to wit:

> (1) *United States*.  To serve the United States, a party must:

>> (A)  (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

>> (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; . . . .

Fed. R. Civ. P. 4(i)(1)(A) & (B).

IV.

Order

Consistent with the foregoing,

The court ORDERS that:

(1) all claims and causes of action brought by Prindle against defendants Warden R. Tamez, Associate Warden Buttler, Paul Celestine, Rose Stone, Dr. L. Huber, Dr. G.W. Kanan, R. Queza, K. Mendias, and Dr. Todd Young in their individual capacities be, and are hereby, dismissed with prejudice.

(2) all claims and causes of action brought by Prindle against defendants John Does 1-10 and Jane Does 1-10 be, and are hereby, dismissed without prejudice.

(3) all claims and causes of action brought by Prindle against the BOP and be, and are hereby, deemed to be against United States of America, so that the BOP is no longer a party to this action.

(4) the clerk shall complete appropriate and sufficient forms to facilitate service of summons, complaint, and a copy of this order on United States of America.  Upon completion, the clerk shall then issue summons in triplicate, with a copy of the complaint and a copy of this order attached to each copy, for service on United States of America, and shall deliver such items, to the United States Marshal for the Northern District of Texas for service on United States of America in the manner contemplated by Rule 4(i) of the Federal Rules of Civil Procedure.

9

(5) from this point forward, the only parties to this action are Christopher M. Prindle, plaintiff, and United States of America, defendant, and the style of the action shall be changed consistent therewith.

SIGNED April 8, 2010.

_____
JOHN MCBRYDE
United States District Judge