IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



CHRISTOPHER M. PRINDLE, §
 §
      Plaintiff, §
 §
VS. § NO. 4:10-CV-054-A
 §
UNITED STATES OF AMERICA, §
 §
      Defendant. §

MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendant, United States of America, to dismiss the claims asserted against her by plaintiff, Christopher M. Prindle, for lack of subject matter jurisdiction, items filed by the parties in support of or in opposition to the motion, the record in Case No. 3:09-CV-2149-N, and applicable legal authorities, the court has concluded that defendant's motion should be denied.

I.

Nature and History of the Litigation

Plaintiff is a prisoner in custody of the Federal Bureau of Prisons ("BOP"). His complaint seeks recovery of money damages from defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), for personal injuries he claims he suffered by reason of alleged inadequate medical care provided to

him by medical personnel at FCI-Fort Worth between December 2006 and September 2008.

On November 6, 2008, plaintiff filed an administrative tort claim with the BOP, alleging as the basis for his claim that medical personnel at FCI-Fort Worth failed promptly to diagnose and provide appropriate treatment for his cancer. By letter dated May 5, 2009, the BOP denied plaintiff's claim. The letter advised plaintiff that if he was dissatisfied with the decision, he had "six (6) months from the date of the mailing of [the letter] within which to bring suit in the appropriate United States District Court." Def.'s Mot., App. at 18.

On November 5, 2009,[1] exactly six months, to the day, from the date the BOP mailed notice of denial of his claim, plaintiff filed a complaint in the Dallas Division of this court styled "Christopher M. Prindle, plaintiff, vs. United States of America, et al., defendants" and numbered 3:09-CV-2149-N (the "Dallas action"). The complaint alleged, inter alia, that the BOP and several individuals alleged to be employees at FCI-Fort Worth and FCI-Seagoville[2] acted with deliberate indifference to plaintiff's serious medical needs related to his cancer, and that defendant

---

[1] Although the Clerk did not receive the complaint until November 10, 2009, a pro se prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing, Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995), which, according to plaintiff, was November 5, 2009.

[2] Plaintiff was transferred from FCI-Fort Worth to FCI-Seagoville in September 2008.

was liable to plaintiff under the FTCA for the alleged deficient care.

In findings and recommendation issued December 15, 2009, in the Dallas action, United States Magistrate Judge Jeff Kaplan recommended that plaintiff "be permitted to prosecute his tort claim against the United States of America with respect to his medical care at FCI Seagoville" but that plaintiff's claims arising from his care at FCI-Fort Worth "be severed from the action and transferred to the Fort Worth Division of the Northern District of Texas," apparently on the ground that FCI-Fort Worth is located in the Fort Worth Division. <u>Prindle v. United States</u>, No. 3:09-CV-2149-N (N.D. Tex. Dec. 15, 2009) (findings and recommendation), at unnumbered first and second pages.

Rather than wait for the court to rule on the findings and recommendation, plaintiff moved to dismiss the Dallas action by motion filed December 28, 2009, stating:

> Pursuant to the report and recommendation of the UNITED STATES MAGISTRATE JUDGE in case NO. 3-09-CV-2149-N dated December 15, 2009.
>
> This Plaintiff requests this matter be dismissed without prejudice. As a precursor to filing an amended complaint in the Fort Worth Division of the Northern District of Texas.

Def.'s Mot., App. at 20. United States District Judge David Godbey granted plaintiff's request by an order dismissing the Dallas action without prejudice on January 8, 2010.

3

The Clerk received the "First Amended Complaint" instituting the instant action on January 27, 2010. It named defendant, the BOP, and individuals employed at FCI-Fort Worth as defendants and alleged the same facts and causes of action alleged against those defendants in the Dallas action. By memorandum opinion and order signed April 8, 2010, the court dismissed plaintiff's claims against the individual defendants and the BOP, leaving only plaintiff's claim against defendant under the FTCA.

Defendant filed the instant motion to dismiss on June 15, 2010. The ground of the motion is that the court lacks subject matter jurisdiction because plaintiff failed to file the instant action within six months of the BOP's denial of his administrative tort claim.

II.

Analysis

Section 2401(b) of title 28, United States Code, provides that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Although § 2401(b) is phrased in the disjunctive, the Fifth Circuit has interpreted it to require a claimant to file an

4

administrative claim within two years of accrual <u>and</u> file suit within six months of denial of the claim. <u>Houston v. U.S. Postal Serv.</u>, 823 F.2d 896, 902 (5th Cir. 1987) (citing <u>Willis v. United States</u>, 719 F.2d 608, 612 (2d Cir. 1983); <u>Dyniewicz v. United States</u>, 742 F.2d 484, 485 (9th Cir. 1984); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980)).

Defendant contends that plaintiff failed to comply with § 2401(b) because he did not file the complaint initiating the instant action until January 27, 2010, well after six months had elapsed from the date the BOP mailed notice of denial of his administrative claim. In his response to the motion to dismiss, plaintiff contends, in essence, that the instant action should be considered timely because it relates back to the filing date of the Dallas action, which was November 5, 2009. Plaintiff acknowledges that the Dallas action was dismissed but argues, in support of his theory, that he moved to dismiss that action only so that he could file and amended complaint in the Fort Worth Division. Defendant takes the position in her reply that plaintiff's intentions in dismissing the Dallas action are immaterial because the limitations periods in § 2401(b) are jurisdictional, and, therefore, not subject to any sort of equitable modification.

5

Defendant's position fails to take into account the Fifth Circuit's decision in Perez v. United States, 167 F.3d 913, 917 (5th Cir. 1999). In Perez, the court held that "where the principles of equitable tolling would ordinarily apply, such tolling should be allowed in an FTCA case." Id. While plaintiff's theory in opposition to defendant's motion to dismiss is not one of tolling per se, the court thinks Perez stands for the broader proposition that a court may preserve a plaintiff's claims where strict application of the limitations periods in § 2401(b) would be inequitable.

Needless to say, the court concludes it would be inequitable to dismiss plaintiff's claims based on his technical failure to file the instant action within the time period required by § 2401(b). Plaintiff filed the Dallas action, which asserted the same claims asserted in the instant action, within six months of the date the BOP mailed notice of final denial of his administrative claim. The court is convinced by the wording of plaintiff's motion seeking to dismiss the Dallas action that plaintiff dismissed that action only because he misunderstood Judge Kaplan's findings and recommendation to be a recommendation to him to file his claims in the Fort Worth Division.[3] Had

---

[3] Judge Godbey reached the same conclusion in an amended order signed July 19, 2010, in which he refunded plaintiff money paid by plaintiff toward the filing fee for the Dallas action. See No. 3:09-CV-2149-N (N.D. Tex. July 19, 2010) (order refunding filing fee) at 2 ("the court recognizes that Prindle (continued...)

plaintiff waited for Judge Godbey to adopt Judge Kaplan's findings and recommendation, the Dallas action would have been transferred to the Fort Worth Division, preventing any suggestion by defendant that the action was untimely. Thus, the court concludes that plaintiff should be able to pursue his claims.

For the reasons given above,

The court ORDERS that defendant's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction be, and are hereby, denied.

SIGNED November 12, 2010.

JOHN McBRYDE
United States District Judge

---

[3](...continued)
voluntarily dismissed this case out of deference to Judge Kaplan's findings and recommendations . . . .").