IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 3 2011

CLERK, U.S. DISTRICT COURT

By _____
Deputy

CHRISTOPHER M. PRINDLE, §
§
     Plaintiff, §
§
VS. § NO. 4:10-CV-054-A
§
UNITED STATES OF AMERICA, §
§
     Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary

judgment of defendant, United States of America. After having

considered such motion, the response of plaintiff, Christopher M.

Prindle, defendant's reply, the summary judgment record, and

applicable legal authorities, the court has concluded that such

motion should be granted.

I.

Nature of Plaintiff's Claims and
Grounds of Defendant's Motion

Plaintiff is a prisoner in custody of the Federal Bureau of

Prisons. He claims that defendant is liable to him under the

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"),

for personal injuries he allegedly suffered because medical

personnel at the Federal Correctional Institution in Fort Worth,

Texas ("FCI-Fort Worth"), were negligent in failing to diagnose,

treat, and provide follow-up care for his renal cell carcinoma in a more timely manner.

Defendant contends that summary judgment is appropriate because expert testimony is required to prove essential elements of plaintiff's medical malpractice claim, and plaintiff has failed to designate an expert witness.

## II.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial burden of showing that there is no genuine dispute as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The movant can carry this burden by pointing out the absence of evidence to support an essential element of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify evidence in the record that supports each

essential element of its claim.  See id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the record as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial, and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

III.

Analysis

The FTCA imposes liability on defendant for personal injury caused by the negligent acts or omissions of its employees in circumstances where a private person would be liable under the law of the state where that acts or omissions occurred. 28 U.S.C. §§ 1346(b)(1), 2674; Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Because the acts and omissions allegedly giving rise to plaintiff's injuries occurred in Texas, Texas law provides the framework for analyzing plaintiff's claim. Hannah, 523 F.3d at 601.

To prevail on a medical malpractice claim under Texas law the plaintiff must prove four elements: (1) the health care provider's duty to act according to a certain medical standard; (2) a breach of the applicable standard of care; (3) an injury;

3

and (4) a causal connection between the breach of the standard of care and the injury. Hannah, 523 F.3d at 601; Mills v. Angel, 995 S.W.2d 262, 267 (Tex. App.--Texarkana 1999, no pet.). Generally, lay persons lack the knowledge and experience required to assess the applicable standard of care, whether there was a breach of that standard, and whether the breach caused the plaintiff's injuries. As a result, the plaintiff in a medical malpractice case ordinarily cannot meet his burden of proof without testimony from a medical expert.[1] Hannah, 523 F.3d at 601; Mills, 995 S.W.2d at 268.

This case is no exception. The standard of care for diagnosing and treating renal cell carcinoma, whether the treatment provided to plaintiff at FCI-Fort Worth deviated from that standard of care, and whether such deviation could have caused plaintiff's alleged injuries are not matters within the knowledge or experience of lay persons. Under Texas law, plaintiff cannot prove those elements without expert testimony. The deadline to designate experts set by this court's December 13, 2010, Order Setting Schedule and Providing Special Pretrial Instructions was March 11, 2011. Plaintiff has neither

---

[1]An exception to the general rule that expert testimony is required to prove medical malpractice applies when the failure of the health care provider to meet the standard of care is plainly within the common knowledge of laymen, for example, when a surgeon operates on the wrong part of the patient's body or leaves surgical instruments or sponges inside the body. Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).

designated an expert witness nor sought leave to extend the deadline.  Thus, plaintiff has failed to adduce evidence to support essential elements of his claim, and summary judgment is appropriate.

IV.

Order

For the reasons discussed above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed with prejudice.

SIGNED May 13, 2011.

_____
JOHN McBRYDE
United States District Judge

5